## MATTER OF NIESEL

### In DEPORTATION Proceedings

### A-12281979

*Decided by Board August 10, 1962*

(1) Respondent's request to withhold deportation to a named country under section 243(h) of the Immigration and Nationality Act, following her designation under section 243(a) of the Act of that country as the country to which she prefers to be deported is, in effect, a withdrawal of the designation.

(2) Since the United States does not recognize the East German government, respondent's claim to be a subject, national, or citizen of East Germany does not preclude her deportation to the Federal Republic of Germany (West Germany) within step 3 of section 243(a) of the Act, that being the country in which she was born, the country in which her place of birth is situated at the time she is ordered deported, the country which had sovereignty over her birthplace at the time of her birth, and the country in which she resided prior to entering the country from which she entered the United States.

(3) Step 3 of section 243(a) of the Act does not require that preliminary inquiry be addressed to the country to which respondent is to be deported to ascertain its willingness to accept her (other than perhaps the seventh-listed country, a country which is willing to accept the alien into its territory).

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251 (a)(2)]—Remained longer than permitted after nonimmigrant admission (temporary visitor).

The special inquiry officer found respondent deportable on the ground stated above and granted her voluntary departure, providing however, that if she failed to depart, she should be deported to West Germany. Respondent applied for a stay of deportation on the ground that she is a national of East Germany and if deported there, would be faced with physical persecution. The special inquiry officer denied her application. Respondent filed this appeal from the denial.

Respondent's case was previously before this Board. On March 13, 1962 the Board entered an order dismissing respondent's appeal from the order of the special inquiry officer finding her deportable upon the ground stated above and granting her voluntary departure. Fol-

lowing the dismissal, respondent applied to the special inquiry officer (in accordance with authority granted to the special inquiry officer in the Board's order dismissing the appeal) for reopening of proceedings so that she could file an application for the withholding of her deportation on the claim of physical persecution under section 243(h) of the Act, 8 U.S.C. 1253(h). At the reopened hearing, the respondent declined to make a designation of the country to which her deportation should be directed whereupon the special inquiry officer specified the Federal Republic of Germany (West Germany) as the place of deportation. Respondent then designated East Germany as the place of deportation and at the same time pursued an application under section 243(h) of the Act to withhold her deportation stating that she would be subject to physical persecution if delivered to the hands of the officials of the East German government. (The East German government is not recognized by the United States.) The special inquiry officer denied the application pointing out that the Service did not contemplate deporting respondent to East Germany, and he refused to permit respondent to submit evidence concerning persecution in East Germany. Counsel contends that respondent cannot be deported to West Germany since she did not reside there, has no right to claim the citizenship of that country, and remained there only long enough to obtain the visa with which she came to the United States.

The place to which deportation may be ordered is determined by one of the steps in a three-step plan designed by Congress. Step one provides that the alien shall be deported to a country designated by him if that country is willing to accept him. If the alien fails to make such designation, the next step contemplates the deportation of the alien to the country of which he is a subject, national or citizen, if such country is willing to accept him. If such country refuses to accept him, then the third step permits the Attorney General to order deportation to a country selected in his discretion from any one of the seven categories listed in the section (*Leong Leun Do* v. *Esperdy*, 197 F. Supp. 604 (S.D.N.Y. 1961; section 243 (a) of the Act, 8 U.S.C. 1253(a)).

Applying the three-step plan to the facts before us, we find that in accordance with step one, respondent was given an opportunity to designate a place of deportation. This she first refused to do, but ultimately designated East Germany, following the designation with the request that the deportation be withheld because she would be faced with physical persecution if returned there. The designation of a country followed by a request for withholding deportation to that country is, in effect, a withdrawal of the designation (*Chao Chin* v. *Murff*, 168 F. Supp. 349 (S.D.N.Y., 1958)). This brings us to step two. Respondent claims that the country of which she is a subject,

national, or citizen is East Germany, and as we have indicated she does not desire to be deported there because of her fear of physical persecution. This being so, there is no need to proceed further with step two. Step three permits deportation to the country in which the alien was born and where his place of birth is situated at the time he is ordered deported, or the country which had sovereignty over the birthplace at the time of his birth. In the eyes of the law, the United States considers all of these places to be West Germany. Deportation is also authorized to a country in which the alien resided prior to entering the country from which he entered the United States. In this case, respondent resided in West Germany before embarking at Copenhagen for the United States. There is ample justification for selecting West Germany as the place of deportation.

Counsel contends, moreover, that under judicial construction of the Act, before deportation to a country can be ordered, the Service must make a showing that the proposed country has agreed to accept the alien. *Lu v. Rogers*, 164 F. Supp. 320 (D.C. 1958), is cited. When designating a country in step three as a place of deportation, there is no requirement that preliminary inquiry be addressed to the country to which deportation is ordered (other than perhaps to the seventh country in the list—a country which is willing to accept the alien into its territory). *Lu v. Rogers, supra*, cited by counsel was one in which deportation was contemplated to a country of which the alien was a subject, national or citizen. In such event inquiry must be made as to whether the country is willing to accept the alien. In the instant case, this preliminary inquiry is not required.

Since the Government does not intend deporting respondent to East Germany, her offer to establish that she would suffer physical persecution if deported there was properly rejected.

Contentions concerning the reopening of proceedings to enable respondent to apply for an adjustment of status under section 245 of the Act (8 U.S.C. 1255) have been previously considered. *Matter of A—V—*, A-10659043 (November 20, 1959), cited by counsel (now found in 8 I. & N. Dec. 554, 558) is not pertinent.

The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.